1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 San Francisco Division

11   PALMDALE ESTATES, INC.,              Case No. 20-cv-06158-LB

12              Plaintiff,
                                          **ORDER GRANTING MOTION TO
13        v.                              DISMISS**

14   BLACKBOARD INSURANCE                 Re: ECF No. 22
     COMPANY,
15
                Defendant.
16

17                        **INTRODUCTION**

18       Palmdale Estates has a venue in Sunol, California, where it hosts weddings and other events.

19   After Alameda County — in response to the COVID-19 pandemic — prohibited large gatherings,

20   Palmdale could no longer host events and lost money as a result. It then submitted a claim for its

21   business losses to its insurer, Blackboard Insurance Company. Blackboard denied the claim on the

22   grounds that (1) the policy covered only business losses resulting from "direct physical losses"

23   causing "direct physical loss of or damage to" the insured property, and (2) coverage was barred

24   too by the policy's exclusion of losses caused by "any virus." Palmdale then sued Blackboard for

25   breach of contract and breach of the implied covenant of good faith and fair dealing.[1] Blackboard

26

27   ───────────────────────

28   [1] First Am. Compl. ("FAC") – ECF No. 17 at 3 (¶¶ 9–10). Citations refer to material in the Electronic
     Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) on the ground the policy did not cover the losses. The court grants the motion.

## STATEMENT

The policy's Business Income coverage provides that Blackboard will pay for lost business income that (1) Palmdale "sustain[ed] due to the necessary suspension" of its operations "during the period of restoration" and (2) was caused by "direct physical loss of or damage to" the insured property caused by a "Covered Cause of Loss."[2] Extra Expenses similarly are covered for the "period of restoration" only if incurred as a result of "direct physical loss or damage to property" caused by a Covered Cause of Loss."[3] A "Covered Cause of Loss" is a non-excluded, "direct physical loss."[4] The policy reiterates that it will pay only for lost Business Income that the insured sustains during the "period of restoration" that occurs "within 12 consecutive months after the date of direct physical loss or damage."[5] Similarly, the policy specifies that it will pay for Extra Expenses that occur within 12 consecutive months after the date of direct physical loss or damage.[6] The "period of restoration" (1) begins 72 hours after the time of direct physical loss or damage (for Business Income) and immediately after the time of direct physical loss or damage (for Extra Expense Coverage) and (2) ends on either the date when the property is "repaired, rebuilt, or replaced" or the date when business resumes at a new location.[7]

The policy excludes coverage for virus-related losses:

> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> . . .

---

[2] Policy, Ex. A to *id.* at 38 (§ I.A.5.f.(1)(a)).

[3] *Id.* at 45 (§ I.A.5.g(1)).

[4] *Id.* at 39 (§ I.A.(3)), 43 (§ I.A.5.f.(1)(a)).

[5] *Id.* at 44 (§ I.A.5.f.(1)(b)).

[6] *Id.* at 45 (§ I.A.5.g.(4)).

[7] *Id.* at 70-71 (§ I.H.9.a.(1)–(2)), 148 (§ 2.9.a.(1)–(2)).

j. Virus or Bacteria:

(1) Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.[8]

The court held a hearing on December 17, 2020. All parties consented to magistrate-judge jurisdiction.[9]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

---

[8] *Id.* at 54, 57 (§ I.B.1. & j.).

[9] Consents – ECF Nos. 10 & 14.

United States District Court
Northern District of California

**ANALYSIS**

Blackboard moved to dismiss the complaint because there is no "direct physical loss," and the virus exclusion in any event precludes coverage.[10] The court grants the motion on both grounds.

### 1. Covered Loss

The majority view — including in this district — is that "direct physical loss" provisions, like the ones in the insurance contract here, do not cover lost business income or expenses resulting from closure orders like those here. *See, e.g.*, *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*, No. 20-CV-04434 JSC, 2020 WL 5642483, at *3 (N.D. Cal. Sept. 22, 2020) ("Nothing in the complaint . . . supports an inference that . . . the Closure Orders themselves caused damage"); *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 20-CV-03213-JST, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020) (because the plaintiff did not allege that COVID-19 or any other physical impetus caused the loss of functionality of its store, and instead alleged only that the government-closure orders caused the loss, it did not plausibly plead "a direct physical loss of property" under the insurance policy).

Palmdale contends that a flawed public health response and government negligence allowed COVID-19 to spread, causing its venue to become dangerous, unsafe, and unusable and requiring it to suspend its business operations.[11] The allegedly "unsafe" condition does not plausibly plead a "direct physical loss of or damage to property." It is conclusory and does not approximate (for example) a loss of functionality resulting from infection. *Mudpie*, 2020 WL 5525171, at *5; *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, No. 20-cv-03750-WHO, 2020 WL 65622332, at *4 (N.D. Cal. Nov. 9, 2020) (actual contamination would be a covered loss, but a mere threat was not; the plaintiff "pleads that coronavirus was rapidly spreading in Hawaii but fails to allege its *presence* in any of its properties and a *manifestation* of imminent threat of contamination in any of its properties") (emphasis in original). "The cases consistently conclude that there needs to be

---

[10] The court grants the parties' respective unopposed requests to take judicial notice of public records and court orders. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[11] Opp'n – ECF No. 28 at 17; FAC – ECF No. 17 at 7–11 (¶¶ 32–44).

1    some physical tangible injury (like a total deprivation of property) to support 'loss of property' or

2    a physical alteration or active presence of a contaminant to support 'damage to' property." *Water*

3    *Sports*, 2020 WL 65622332, at *6 (collecting cases). Also, a "detrimental economic impact" from

4    Palmdale's inability to use of its venue is "not sufficient" to trigger coverage. *Mortar & Pestle*

5    *Corp. v. Atain Specialty Ins. Co.*, 20-cv-03461-MMC, Tr. – ECF No. 30 at 31:1–5.

6        In sum, Palmdale plausibly pleads only that its claimed losses were the result of government

7    closure orders. That temporary dispossession does not state a claim. *Mudpie*, 2020 WL 5524171,

8    at *4. The end date for the period of restoration — when the property is repaired, rebuilt, or

9    replaced — also shows that the damage covered by the policy is physical and that Palmdale is not

10   entitled to Business Income coverage. *Id.*; *accord Water Sports*, 2020 WL 6562332, at *6 (the

11   plaintiff did not allege any "direct physical anything that happened to or at its specific properties"

12   and was not "dispossessed . . . of any specific property; its inventory and equipment remain;" it

13   complained only of loss of use, which does not trigger coverage).

14

15   **2.  Virus Exclusion**

16       Palmdale's loss also is not covered because the policy excludes coverage for virus-related

17   losses. The closure orders were in response to the COVID-19 pandemic, a "cause of loss" that falls

18   within the Virus Exclusion. *Franklin EWC,* 2020 WL 5642483, at *2; *accord, e.g.*, *Boxed Foods*

19   *Co., LLC v. California Capital Ins. Co.*, No. 20-cv-04571-CRB, 2020 WL 6271021, at *4 (N.D.

20   Cal. Oct. 27, 2020). The exclusion is subject to only "one reasonable interpretation: that coverage

21   does not extend to any claim premised on virus-induced damage, regardless of the virus's

22   magnitude." *Boxed Foods Co*., LLC, 2020 WL 6271021, at *5. In sum, the weight of authority —

23   including authority in this district — is that the virus exclusion applies and bars Palmdale's claim

24   for coverage. *HealthNOW Medical Center, Inc. v. State Farm General Ins. Co*., No. 4:20-cv-

25   04340-HSG (N.D. Cal. Dec. 10, 2020), Order – ECF No. 40 at 3 (collecting cases).

26

27

28

United States District Court
Northern District of California

# CONCLUSION

The court grants the motion to dismiss and gives Palmdale leave to file an amended complaint within 30 days. This disposes of ECF No. 22.

**IT IS SO ORDERED.**

Dated: January 4, 2021

_____
LAUREL BEELER
United States Magistrate Judge